CHRIS ROSFJORD, WSBA #37668
ROSFJORD LAW, PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849
Email: rosfjordlaw@gmail.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSH THOMAS, an individual, on behalf of himself and all others similarly situated, | CASE NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **[JURY DEMAND]** |
| JPMORGAN CHASE & CO., a Delaware corporation, | |
| Defendant. | |

Plaintiff JOSH THOMAS, by and through his attorney, Chris Rosfjord of Rosfjord Law, PLLC, brings this Class Action Complaint, on behalf of himself and all others similarly situated, alleges as follows:

## I.  NATURE OF THE ACTION

1.      Plaintiff Thomas brings this Class Action Complaint against Defendant JPMorgan Chase & Co. ("Defendant" or "Chase"), on behalf of himself and all other similarly situated Chase customers, for breach of contract, violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and violation of the Washington Consumer Protection Act, RCW 19.86, *et seq*.

2.      Defendant Chase unlawfully made telephone calls to Plaintiff using autodialers and prerecorded messages, also known as "robocalls".

Class Action Complaint
*(Thomas v. JPMorgan Chase & Co.)*
Page 1 of 12

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

3.    Plaintiff seeks monetary damages and declaratory and injunctive relief.

4.    Defendant Chase's practices violate United States federal and Washington state statutory and common law.

5.    Defendant Chase's unlawful practices have damaged Plaintiff and other similarly situated Chase customers and Defendant Chase must be enjoined from causing further substantial injury to its customers.

## II.  PARTIES

6.    Plaintiff JOSH THOMAS ("Plaintiff") is an individual residing in Kitsap County, Washington.

7.    Upon information and belief, Defendant JPMORGAN CHASE & CO. ("Defendant" or "Chase") is a Delaware corporation. Upon information and belief, Defendant Chase operates through its subsidiary J.P. Morgan Chase Bank, N.A., with its headquarters in New York, New York. Defendant Chase conducts business within this district and maintains multiple business locations within this District.

## III.  JURISDICTION AND VENUE

8.    This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 USC § 1331. This Court also has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the amount of damages exceeds $5,000,000.00, exclusive of interest and costs, and is a class action in which some of the Class Members are citizens of states different than Defendant Chase.

9.    This Court has personal jurisdiction over Defendant Chase because Defendant Chase is doing business in this District, has multiple business locations in this District, and purposefully directed its actions complained of herein towards this forum which have caused and are causing injury to Plaintiff.

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1    10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because this

2    Court has personal jurisdiction over Defendant Chase and a substantial portion of the

3    events giving rise to Plaintiff' claims occurred in this District.

4                        IV.  FACTUAL ALLEGATIONS

5    11.    Plaintiff Thomas is an independent contractor who provides computer

6    programming services.

7    12.    At all times relevant, Plaintiff was a citizen of the State of Washington.

8    13.    In or about August 2015, Plaintiff Thomas obtained a credit card through

9    Defendant Chase (Account No. XXXX XXXX XXXX 0363).

10    14.    Upon information and belief, in or about March 2020, due to the state of

11    emergency declared by the federal government as a result of COVID-19, Defendant

12    Chase began offering its customers the option of deferring their monthly credit card

13    payments owed to Defendant Chase.

14    15.    In May 2020, Plaintiff Thomas enrolled in Defendant Chase's "COVID-19

15    Payment Assistance" payment deferral program and his monthly credit card payments

16    to Defendant Chase, including past due amounts, were deferred for three months.

17    16.    On August 11, 2020, at 8:04 AM PST, Plaintiff Thomas began receiving

18    automated "robocalls" from Defendant Chase. That same morning, he also received

19    automated "robocalls" from Defendant Chase at 9:09 AM PST, 10:13 AM PST, and

20    11:16 AM PST.

21    17.    On August 11, 2020, at 12:03 PM PST, Plaintiff Thomas received an

22    email from Defendant Chase stating that his "COVID-19 Payment Assistance" deferral

23    had ended and that his next minimum payment of $422.00 was due on September 1,

24    2020.

25    18.    Even though Defendant Chase was stating that his next minimum

Class Action Complaint
*(Thomas v. JPMorgan Chase & Co.)*
Page 3 of 12

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1    payment was not due until September 1, 2020, Plaintiff continued to receive several

2    "robocalls" from Defendant Chase every day. The "robocalls" from Defendant Chase

3    occurred at nearly the exact same time each day, with the first "robocall" occurring at

4    8:03-8:05 AM PST and subsequent calls occurring throughout the day at a rate of at

5    least one per hour.

6        19.    On several occasions, Defendant Chase has made multiple consecutive

7    "robocalls" to Plaintiff Thomas.

8        20.    The "robocalls" from Defendant Chase were unsolicited, unwanted, and

9    harassing and unwarranted, since Plaintiff's minimum payment to Defendant Chase

10    was not due until September 1, 2020, which Defendant Chase stated in an email to

11    Plaintiff.

12        21.    On August 27, 2020, Plaintiff applied for and received a one-month

13    extension of his payment deferral from Defendant Chase and received notification from

14    Defendant Chase that his next minimum payment is due October 1, 2020.

15        22.    After Plaintiff received the deferral extension on August 27, 2020, the

16    "robocalls" from Defendant Chase briefly stopped. However, on September 8, 2020, the

17    "robocalls" from Defendant Chase began again at 8:05 AM PST and continued

18    throughout the day and each day thereafter, even though Plaintiff's payment had been

19    deferred until October 1, 2020.

20        23.    The "robocalls" from Defendant Chase to Plaintiff continue to occur like

21    clockwork on a daily basis, with Defendant Chase calling several times a day at nearly

22    the exact same time each day. The "robocalls" from Defendant Chase are unsolicited,

23    unwanted, and harassing and unwarranted, since Defendant Chase stated that

24    Plaintiff's minimum payment to Defendant Chase is not due until October 1, 2020.

25        24.    Plaintiff has been damaged by Defendant Chase's unlawful "robocalls".

Class Action Complaint
*(Thomas v. JPMorgan Chase & Co.)*
Page 4 of 12

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1   His privacy has been violated, his right to quiet enjoyable within his home has been

2   violated, and he has had to waste his own time dealing with the unlawful calls.

3       25.    Plaintiff has never consented to receiving "robocalls" and he has been on

4   the national Do Not Call Registry for several years.

5       26.    Upon information and belief, Defendant Chase knows that its calls to

6   Plaintiff violate the TCPA and the Washington Consumer Prptection Act, but continues

7   to use them. Therefore, its violations of the the TCPA and the Washington Consumer

8   Prptection Act are knowing and willful.

9                          V.  CLASS ACTION ALLEGATIONS

10      27.    Plaintiff brings this action on behalf of a nationwide class preliminarily

11  defined as:

12      All individuals residing in the United States who, during the applicable
        statute of limitations, have received telephone calls from Defendant
13      Chase which were placed using an autodialer and/or included a pre-
        recorded message in violation of the TCPA (the "Nationwide Class").
14

15      Excluded from the Nationwide Class are Defendant; any agent, affiliate, parent,

16  or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any

17  officer or director of Defendant; any successor or assign of Defendant; and any Judge

18  to whom this case is assigned as well as his or her staff and immediate family.

19      28.    Plaintiff also brings this action on behalf of a Washington State class

20  primarily defined as:

21      All individuals residing in Washington State who, during the applicable
        statute of limitations, who have received repeated or continuous
22      telephone calls ("robocalls") from Defendant Chase meant to abuse,
        oppress, or harass the customer, even though the customer's current
23      payment was not past due, in violation of the Washington Consumer
        Protection Act (the "Washington State Class")
24
        Excluded from the Washington State Class are Defendant; any agent, affiliate,
25  parent, or subsidiary of Defendant; any entity in which Defendant has a controlling

Class Action Complaint                              ROSFJORD LAW PLLC
*(Thomas v. JPMorgan Chase & Co.)*                  6725 22nd Ave NW
Page 5 of 12                                        Seattle, WA 98107
                                                    (206) 321-4849

1    interest; any officer or director of Defendant; any successor or assign of Defendant; and

2    any Judge to whom this case is assigned as well as his or her staff and immediate

3    family.

4        29.    These classes are collectively referred to herein as the "Class" or

5    "Classes". Plaintiff reserves the right to amend these class definitions.

6        30.    Plaintiff satisfies the numerosity, commonality, typicality, and adequacy

7    prerequisites for suing as a representative party under Rule 23.

8        31.    **Numerosity.** The proposed Class reportedly consists of hundreds, if not

9    thousands, of members–far too many to join in a single action, and although the

10   Washington Class may be smaller, on information and belief the Washington Class still

11   consists of dozens of members, at a minimum, and also satisfies the numerosity

12   requirement.

13       32.    **Ascertainability.** Class members are readily identifiable from information

14   in Defendant's possession, custody, or control.

15       33.    **Typicality.** Plaintiff's claims are typical of Class members' claims as each

16   arises from Defendant Chase's wrongful actions in the course of attempting to collect a

17   debt.

18       34.    **Adequacy.** Plaintiff will fairly and adequately protect the interests of the

19   proposed Class. His interests do not conflict with Class members' interests and he has

20   retained experienced counsel to vigorously prosecute this action on behalf of the Class.

21       35.    **Commonality.** Plaintiff's and Class members' claims raise predominantly

22   common factual and legal questions that can be answered for all Class members

23   through a single class-wide proceeding. For example, to resolve any Class member's

24   claims, it will be necessary to answer the following questions. The answer to each of

25   these questions will necessarily be the same for each class member:

Class Action Complaint
*(Thomas v. JPMorgan Chase & Co.)*
Page 6 of 12

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

A.     Whether the Class members have received unlawful "robocalls" from Defendant Chase;

B.     Whether Defendant Chase used repeated and continuous "robocalls" to oppress, abuse, and harass its customers, even though the customer's payment was not past due;

C.     Whether Defendant Chase's conduct violated the Telephone Consumer Protection Act;

D.     Whether Defendant Chase's violation of the Telephone Consumer Protection Act were knowing and/or willful;

E.     Whether Defendant Chase's conduct violated the Washington Consumer Protection Act;

F.     Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

36.     In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b). Common questions of law andfact predominate over any questions affecting only individual members and a class action is superior to individual litigation.

## VI. CAUSES OF ACTION

**A.     FIRST CLAIM FOR RELIEF - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b) - UNLAWFUL USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(On Behalf of Plaintiff and All Classes)**

37.     Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1 through 36 above.

38.     The Telephone Consumer Protection Act, 47 U.S.C. § 227(b), prohibits "robocalls" through the use of automated telephone dialing system or artificial or

Class Action Complaint
*(Thomas v. JPMorgan Chase & Co.)*
Page 7 of 12

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1    prerecorded voice to any cellular telephone number without the person's prior express

2    written consent.

3        39.    In numerous instances, Defendant Chase has "robocalled" Plaintiff

4    Thomas and the Class members at their respective cellular telephone numbers using

5    an automated telephone dialing system and/or artificial or prerecorded voice in violation

6    of the Telephone Consumer Protection Act.

7        40.    Plaintiff did not expressly authorize Defendant Chase to call his cellular

8    telephone and has, in the past, informed Defendant Chase not to call his cellular

9    telephone. Plaintiff Thomas is also on the national Do Not Call Registry.

10       41.    Upon information and belief, Defendant Chase place telephone calls to

11   Plaintiff's cellular telephone using an automated telephone dialing system and/or

12   employed a prerecorded voice message. Defendant Chase's calls exhibit signs of using

13   automation, such as being placed at approximately the same time every day at multiple

14   times daily.

15       42.    As a direct and proximate result of Defendant Chase's violations of

16   Telephone Consumer Protection Act, 47 U.S.C. § 227(b), Plaintiff Thomas and the

17   Nationwide Class members have suffered actual harm, including, but not limited to,

18   invasion of privacy, nuisance, humiliation and embarrassment, and disruption in their

19   daily lives, and have incurred damages in an amount to be proven at trial.

20       43.    Pursuant to 47 U.S.C. § 227(b)(3)(C), Plaintiff Thomas and the

21   Nationwide Class members are entitled to $1,500.00 in statutory damages, for each

22   willful or knowing violation, and $500.00 in statutory damages, for each negligence

23   violation, of the Telephone Consumer Protection Act.

24       44.    Plaintiff and the Nationwide Class are entitled to injunctive relief, pursuant

25   to 47 U.S.C. § 227(b)(3)(a), prohibiting Defendant Chase from contacting Plaintiff and

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1    the Nationwide Class using an automated system or pre-recorded message.

2    **B.    SECOND CLAIM FOR RELIEF – VIOLATION OF THE WASHINGTON STATE CONSUMER PROTECTION ACT, RCW 19.86,** *et seq.*

3

                              **(On Behalf of Plaintiff and All Classes)**
4

5         45.    Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1

     through 44 above.
6

7         46.    Defendant Chase employed unfair and deceptive acts and practices in the

8    conduct of a trade or business in violation of the Washington Consumer Protection Act,

     RCW 19.86, *et seq*, by deceptively and repeatedly contacting Plaintiff Thomas
9

10   regarding payment on his account, even though Plaintiff Thomas' monthly payment was

11   not past due, and by using unlawful, oppressive, abusive, and harassing "robocalls" to

     repetitively contact Plaintiff.
12

13        47.    Upon information and belief, Defendant Chase engaged in the same

14   conduct alleged in Paragraphs 9 through 46 with the Washington Class members.

15        48.    Defendant Chase's unfair and deceptive acts and practices have the

     capacity to deceive and harm a substantial portion of the public.
16

17        49.    Defendant Chase's unfair and deceptive acts and practices have an

18   impact on public interest because there is a likelihood that the acts will be repeated with

     other persons.
19

20        50.    As a direct and proximate result of Defendant Chase's unfair and

21   deceptive acts and practices, Plaintiff Thomas and the Nationwide Class members

22   have suffered actual harm, including, but not limited to, invasion of privacy, nuisance,

23   humiliation and embarrassment, and disruption in their daily lives, and have incurred

     damages in an amount to be proven at trial.
24

25        51.    Pursuant to RCW 19.86.90, Plaintiff Thomas and the Washington Class

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1   members are entitled to an award of treble damages.

2       52.    Pursuant to RCW 19.86.90 and 19.86.140, Plaintiff Thomas and the

3   Washington Class members are entitled to payment of reasonable attorney fees and

4   costs and civil penalties by Defendant Chase.

5   C.   THIRD CLAIM FOR RELIEF – BREACH OF CONTRACT AND THE COVENANT
        OF GOOD FAITH AND FAIR DEALING
6
                    **(Plaintiff and On Behalf of All Classes)**
7
        53.    Plaintiff re-alleges and hereby incorporates by reference Paragraphs 1
8
    through 52 above.
9
        54.    Plaintiff and each Class Member entered into a valid contract with
10
    Defendant Chase for the provision of credit card services to Plaintiff and the Class
11
    members, as outlined in Defendant Chase's account agreement and other related
12
    account documents.
13
        55.    Between March 2020 and the present, Plaintiff and each Class Member
14
    further entered into one or more valid contracts with Defendant Chase for the deferral of
15
    payments on Plaintiff and each Class Member's respective Chase credit card account.
16
        56.    Each contract entered into between Plaintiff and the Class members and
17
    Defendant Chase for the provision of credit card services and for payment deferrals are
18
    substantively identical because Defendant Chase uses its own form account
19
    agreements.
20
        57.    Defendant Chase has materially breached each of its contracts with
21
    Plaintiff and the Class members as set forth throughout this Class Action Complaint,
22
    including using "robocalls" to oppress, abuse, and harass Plaintiff and the Class
23
    Members regarding payments to their Chase accounts while the accounts are still in
24
    deferral and when payments are not even due yet.
25

Class Action Complaint
*(Thomas v. JPMorgan Chase & Co.)*
Page 10 of 12

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1    58.    Defendant Chase owed Plaintiff and all Class members a duty of good

2    faith and fair dealing in the execution of and its performance of duties imposed by each

3    of its contracts with the Plaintiff and the Class members.

4    59.    Defendant Chase breached its duty of good faith and fair dealing by,

5    among other things, allowing Chase customers to defer payments during nationally

6    declared state of emergency and then oppress, abuse, and harass Plaintiff and the

7    Class Members regarding payments to their Chase accounts while the accounts are still

8    in deferral and when payments are not even due yet.

9    60.    As a result of Defendant Chase's material breaches of its contracts with

10    Plaintiff and the Class Members and its breaches the covenant of good faith and fair

11    dealing, Plaintiff and the Class Members have suffered damages in amount to be

12    proven at trial.

13    **VII.  JURY DEMAND**

14    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Josh

15    Thomas respectfully requests a trial by jury on all issues properly triable by jury.

16    **VIII.  PRAYER FOR RELIEF**

17    Plaintiff Thomas, on behalf of himself and the proposed Classes, seeks the

18    following relief:

19    1.    An order certifying the proposed Classes pursuant to Federal Rule of Civil

20    Procedure 23 and appointing Plaintiff and his counsel to represent the Class;

21    2.    An award of damages in an amount to be proven at trial;

22    3.    An award of statutory damages of $500.00 for each negligent violation of

23    the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

24    4.    An award of statutory damages of $1,500.00 for each willful or knowing

25    violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C);

Class Action Complaint
*(Thomas v. JPMorgan Chase & Co.)*
Page 11 of 12

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849

1    5.      An award of treble damages, pursuant to RCW 19.86.90;

2    6.      An award of civil penalties, pursuant to RCW 19.86.140;

3    7.      An award of reasonable attorney fees and other costs incurred out of the

4    necessity of having to bring this litigation;

5    8.      An award of pre-judgment and post-judgment interest;

6    9.      Leave to amend this Complaint to conform to the evidence;

7    10.     Such other and further relief as this Court may deem just and equitable.

8    DATED this 9th day of September, 2020,

9

10                               ROSFJORD LAW PLLC

11

12                               _____
                                 Chris Rosfjord, WSBA #37668
13                               Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

ROSFJORD LAW PLLC
6725 22nd Ave NW
Seattle, WA 98107
(206) 321-4849