THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JOSH THOMAS, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-05902-BHS<br><br>**DECLARATION OF PRASHANT SINGH IN SUPPORT OF MOTION OF JPMORGAN CHASE BANK, N.A. TO COMPEL ARBITRATION AND STAY ACTION**<br><br><u>Noted For Consideration:</u><br>November 20, 2020 |

DECLARATION OF PRASHANT SINGH IN SUPPORT OF MOTION
TO COMPEL ARBITRATION AND STAY ACTION - 1
Case No. 3:20-cv-05902-BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA  98111-9402
206.223.7000  FAX: 206.223.7107

I, PRASHANT SINGH, hereby declare as follows:

1.     I am the an Executive Director, Product Management Director, and Director of Pricing Processes, Strategy, Competitive Intelligence and Customer Experience for credit card services provided by JPMorgan Chase Bank, N.A. ("JPMC"). I am familiar with JPMC's credit card processing system for card customers and the manner in which it stores contracts governing customers' credit cards. I make this declaration in support of JPMC's Motion to Compel Arbitration filed in this matter. The information below is based on my knowledge of these systems and my review of JPMC's business records and files relating to the Amazon Rewards Visa Signature credit card ending in 0363 issued to plaintiff Josh Thomas ("the Account"), which is at issue in this matter. Except where based on my review of records and documents regularly maintained in the ordinary course of JPMC's business, the matters set forth below are within my personal knowledge and, if called as a witness, I could and would competently testify to them.

2.     The Account was issued by an affiliated entity, Chase Bank U.S.A., N.A. ("Chase Bank"). Chase Bank merged with JPMC on or around May 18, 2019, and JPMC is the surviving entity. The Cardmember Agreement governing the Account was assigned to JPMC effective May 18, 2019. The records of the Account are now held by JPMC.

3.     Upon approving a credit card application during the time period in which the Account was opened, Chase Bank would mail the credit card to the applicant, along with a copy of the Cardmember Agreement governing the account. Each version of the Cardmember Agreement was assigned a unique identifying number that allows JPMC to track which version was sent to each customer and when.

4.     I have reviewed JPMC's business records with respect to the Account and identified the Cardmember Agreement that was sent to Mr. Thomas upon opening the Account. I have also identified notices that JPMC sent to Mr. Thomas informing him of changes to the Cardmember Agreement.

5.     Attached hereto as **Exhibit A** is a true and correct copy of the Cardmember

DECLARATION OF PRASHANT SINGH IN SUPPORT OF MOTION
TO COMPEL ARBITRATION AND STAY ACTION - 2
Case No. 3:20-cv-05902-BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Agreement (CFB00306) for the Account, which was mailed to Mr. Thomas when he opened the Account on July 10, 2015.

6. Attached hereto as **Exhibit B** is a true and correct copy of the notice titled "Important Changes to Your Account Terms" (CTE021) related to the Account, which was mailed to Mr. Thomas on May 21, 2019. This notice added a new section titled "Arbitration Agreement" to the Cardmember Agreement, which requires binding arbitration, on an individual, non-class basis, of disputes between the cardmember and JPMC and related entities if the cardmember does not timely exercise his or her right to opt out of arbitration as set forth in the notice. Per the notice, Mr. Thomas could have opted out of the Arbitration Agreement by mailing a written rejection notice to JPMC at P.O. Box 15298, Wilmington, DE, 19850-5298 no later than August 9, 2019. Mr. Thomas did not opt out of the Arbitration Agreement. I can determine this because it is JPMC's standard business practice to include a note in the computerized account records of those cardmembers who chose to opt out. The records for the Account do not reflect any such note.

7. Monthly account statements are sent to JPMC cardmembers who carry a balance on their accounts or are otherwise required to receive a monthly statement, and records are retained of those account statements sent to cardmembers. The records for the Account reflect that, after JPMC sent the notice titled "Important Changes to Your Account Terms" attached hereto as Exhibit B, Mr. Thomas proceeded to make multiple charges on the Account and make multiple payments on the Account since then.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 22, 2020

_____
PRASHANT SINGH

DECLARATION OF PRASHANT SINGH IN SUPPORT OF MOTION
TO COMPEL ARBITRATION AND STAY ACTION - 3
Case No. 3:20-cv-05902-BHS

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**CERTIFICATE OF SERVICE**

I certify that, on the date indicated below, I caused the foregoing document to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all attorneys and parties of record.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my personal knowledge.

SIGNED October 26, 2020, at Seattle, Washington.

*s/ Peter Elton*
Peter Elton
Legal Assistant

DECLARATION OF PRASHANT SINGH IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION - 4
Case No. 3:20-cv-05902-BHS

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107