UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSH THOMAS, an individual, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br>   v.<br><br>JPMORGAN CHASE & CO, a Delaware corporation<br><br>                Defendant. | CASE NO. C20-5902 BHS<br><br>ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendant JPMorgan Chase Bank, N.A.'s motion to compel arbitration. Dkt. 16. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Josh Thomas took out an Amazon Rewards Visa Signature credit card from Chase Bank in 2015. Dkt. 17, ¶¶ 2, 5. Chase mailed Thomas the card and a copy of the Cardmember Agreement, which provides both that use of the account indicates

ORDER - 1

acceptance of the terms and that the terms may be added to or deleted at any time. *Id.* ¶¶ 3, 5. In 2019, following its merger with Chase, JPMC sent Thomas a notice informing him, among other things, that an arbitration provision was being added to the Cardmember Agreement and that he could opt out through mailing a notice to JPMC at P.O. Box 15298, Wilmington, DE 19850-5298 by August 8, 2019. *Id.* ¶ 6. The notice explained that "[r]ejection notices sent to any other address, or sent by electronic mail or communicated orally, will not be accepted or effective." Dkt. 17-1 at 24. Thomas declares that on June 11, 2019, he sent a letter rejecting the arbitration agreement. Dkt. 22-1, ¶ 8.[1] He also declares that around the same date, he "believe[s] [he] also called their customer service department and told them I wanted to opt out of the arbitration agreement." *Id.* ¶ 9.

Thomas provided a copy of the letter, addressed to Chase, P.O. Box 152298, Wilmington, DE 19850-5298. Dkt. 19-1 at 2. JPMC asserts that it did not receive the letter, as shown by the lack of a note in Thomas's account. Dkt. 17, ¶ 6. Thomas does not dispute that he addressed his letter to the wrong P.O. Box (adding an additional "2" to the box number).

In May 2020, Thomas enrolled in JPMC's "COVID-19 Payment Assistance" program to defer his credit card payments for three months. Dkt. 1, ¶ 15. He alleges that

---

[1] JPMC argues that the Court should not consider Thomas's declaration since the copy accompanying his response brief, Dkt. 19, was unsigned. Dkt. 20 at 6–7 (citing 28 U.S.C. § 1746). As Thomas subsequently docketed a signed copy, Dkt. 22-1, the Court finds no prejudice to JPMC in considering the declaration as JPMC's reply addresses the possibility that the Court would consider the declaration.

on August 11, 2020, he began receiving robocalls related to his payments though his first payment was not due until September 1, 2020. *Id*. ¶¶ 17–20. He received another deferral, but again began receiving robocalls after an interval. *Id*. ¶¶ 21–23. He now brings a putative class action against JPMC for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., violation of the Washington Consumer Protection Act, RCW Chapter 19.86, breach of contract, and violation of the covenant of good faith and fair dealing. Dkt. 1.

On October 26, 2020, JPMC moved to compel arbitration on an individual basis and stay. Dkt. 16. On November 16, 2020, Thomas responded. Dkt. 18. On November 20, 2020, JPMC replied. Dkt. 20. On November 25, 2020, Thomas surreplied. Dkt. 24.

## II.   DISCUSSION

**A.   Standard**

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq*., makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA supports a liberal policy favoring arbitration and reinforces the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011). The FAA requires courts to "rigorously enforce" agreements to arbitrate, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985), to ensure that private contractual provisions "are enforced according to their terms." *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (quoting *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989)).

On review of a motion to compel arbitration, the court's role is limited to determining (1) whether the parties entered into a valid agreement to arbitrate and if so (2) whether the present claims fall within the scope of that agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The party seeking to compel arbitration bears the burden of proof on these questions. *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)). To determine whether the parties agreed to arbitrate, courts apply ordinary state-law contract principles. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In Washington, "[t]he role of the court is to determine the mutual intentions of the contracting parties according to the reasonable meaning of their words and acts." *Fisher Props., Inc. v. Arden-Mayfair, Inc.*, 106 Wn.2d 826, 837 (1986). The FAA requires courts to stay proceedings when an issue before the court can be referred to arbitration. 9 U.S.C. § 3.

**B.  Analysis**

The parties dispute whether a valid agreement to arbitrate exists. Thomas contends that there is a genuine dispute of material fact as to whether he opted out of the arbitration agreement and seeks limited discovery on JPMC's receipt of his communications. Dkt. 18 at 5. JPMC argues no valid opt-out occurred because (1) the opt-out letter was misaddressed and (2) verbal opt-out was not available under the provision's terms. Dkt. 20 at 8–9. In support of its reply, JPMC submits a supplemental declaration from an employee familiar with JMPC's processes for customer opt-out

requests, affirming that JPMC "would not . . . receive" mail addressed to the P.O. Box Thomas listed. Dkt. 21, ⁋ 3.

In the alternative, JPMC questions the authenticity of Thomas's opt-out letter, pointing out that Thomas submitted and withdrew an opt-out letter in another matter following defense counsel's allegation that it was fraudulent. Dkt. 20 at 10 (citing *Thomas v. Am. Express*, C20-5785TSZ, Dkt. 21 (W.D. Wash.)). JMPC thus seeks limited discovery "including a review of the metadata associated with the Word file used to create the purported opt-out letter as well as proof of transmission and/or receipt" so the Court "can properly assess the credibility of Plaintiff's declaration." Dkt. 20 at 11. Thomas argues that JMPC mischaracterizes the withdrawal in the other proceeding and moves to strike the characterization as impertinent under Fed. R. Civ. P. 12(f), but does not dispute that he withdrew that letter. Dkt. 24 at 4–5. Thomas seeks limited discovery of JPMC's records for his account, copies of telephone calls and notes regarding the calls between May 21, 2019 and August 9, 2019, all written communications JPMC received from Thomas during the same period, and all JPMC's internal notes and communications regarding his account during the same period. Dkt. 18 at 5. He argues this discovery may show JPMC did not add a note to his account by mistake, incorrectly determined his letter did not satisfy the opt-out requirements, or intentionally did not note receipt of the letter. JPMC counters that as it has already confirmed it has no record of a valid opt-out, the additional discovery Thomas proposes would serve no purpose. Dkt. 20 at 11.

The Court concludes that the limited discovery proposed by each party may allow it to determine whether there is any genuine dispute of fact as to the existence of an

agreement to arbitrate, and if not, to decide the issue as a matter of law. *See Powell v. United Rentals (N. Am.), Inc.*, 2019 WL 1489149, at *3 (W.D. Wash. Apr. 3, 2019) (citing *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991)). The parties shall meet and confer regarding this discovery and submit a proposed discovery plan for the Court.

### III.  ORDER

Therefore, it is hereby **ORDERED** that JPMC's motion to compel arbitration, Dkt. 16, is **DENIED without prejudice**.

Dated this 6th day of January, 2021.

_____
BENJAMIN H. SETTLE
United States District Judge